# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARRETT DEVELOPMENT, L.L.C., an Oklahoma limited liability company, Plaintiff, | ) ) ) ) |
| v. | ) Case No. CIV-18-298-D ) |
| DEER CREEK WATER CORPORATION, an Oklahoma not for profit corporation, Defendant. | ) ) ) ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. No. 10]. Plaintiff has filed a Response [Doc. No. 12] and Defendant has replied [Doc. No. 13]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff Garrett Development, LLC, ("Garrett") owns land comprising the NW/4 of Section 19-T14N-R3W, Oklahoma County. Garrett is in the process of developing a residential housing addition known as the Covell Creek Addition ("Addition") on this land. In order to obtain re-zoning and final approval of the plat for the Addition and sell individual residential lots, Garrett contends it must first obtain a water source for the Addition. Response at 2, 7, and 8. Both parties represent that Garrett has not yet obtained the re-zoning necessary to obtain approval of the plat for the Addition.

Defendant Deer Creek Water Corporation ("Deer Creek") claims that it has an exclusive right to provide water to a service area including the Addition pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1926(b). When Garrett

initially inquired whether Deer Creek would provide water to the Addition and under what terms, Deer Creek informed Garrett that it had instituted a moratorium on providing water service to new developments. Deer Creek later informed Garrett that it had lifted the moratorium and was willing to consider an application for Deer Creek to provide water service to the Addition.

Garrett submitted an application to Deer Creek and Deer Creek provided Garrett with terms and conditions under which it was willing to provide water service to the Addition. Garrett found the terms and conditions to be punitive and wished to obtain water from a water service provider other than Deer Creek. Deer Creek asserts that re-zoning is required before Garrett may obtain a water source, however, Deer Creek admits that "it has nevertheless offered to service Garrett's proposed development." Motion at 4.

In Count I of its Complaint, Garrett seeks a declaration that Deer Creek "does not have a service area protected by 7 U.S.C. § 1926(b) and that obtaining water service for the Addition from another water service provider does not violate 7 U.S.C. § 1926(b)." Complaint at ¶ 4. In the alternative, Count II requests a declaration "that Deer Creek has failed and refused to make water service available to Garrett such that Garrett is free to obtain water service from a water service provider other than Deer Creek" and that doing so does not violate 7 U.S.C. § 1926(b). Complaint at ¶ 23.

Deer Creek moves for dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Deer Creek asserts: (1) Garrett lacks standing as to Count I because it is attempting to determine the rights of a non-party to supply water to the Addition; (2) Count II is not ripe because Garrett does not have the legal authority to develop its property as it

2

proposes; and, (3) Garrett improperly seeks an advisory opinion from the Court in violation of the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id*. In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id*. In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id*. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id*. Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*.

In this case, Deer Creek's Motion raises a factual challenge because it attacks the facts upon which Garrett asserts subject matter jurisdiction. Both parties have submitted for consideration evidence outside the pleadings.

**I.     Standing**

The Federal Declaratory Judgment Act confers "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995); *see also United States v. City of Las Cruces,* 289 F.3d 1170, 1179 - 80 (10th Cir. 2002). The Act provides that:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (2010). For the purposes of the Act, "actual controversy" refers to the case-or-controversy requirements of Article III of the U.S. Constitution. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1241 (10th Cir. 2008) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S.Ct. 764, 771, 166 L. Ed. 2d 604 (2007)).

"Constitutional standing is a threshold jurisdictional question" that "must be satisfied prior to adjudication by Article III courts" of claims brought pursuant to the Federal Declaratory Judgment Act. *Trant v. Oklahoma*, 874 F. Supp. 2d 1294, 1299 (W.D. Okla. 2012), *aff'd, Trant v. Oklahoma*, 754 F.3d 1158 (10th Cir. 2014). "Standing doctrine is designed to determine *who* may institute the asserted claim for relief." *ACORN v. City of Tulsa, Okl.*, 835 F.2d 735, 738 (10th Cir. 1987) (quoting *Action Alliance of Senior Citizens v. Heckler,* 789 F.2d 931, 940 (D.C.Cir.1986) (emphasis in original)). In order to establish standing "a party must show at least that he or she has suffered an actual or threatened injury caused by the defendant and that a favorable judicial decision is likely to redress the injury." *ACORN v. City of Tulsa, Okl.*, 835 F.2d 735, 738 (10th Cir. 1987) (internal quotations and citations omitted). Deer Creek bases its entire standing argument as to Count I on the assertion that Garrett "seeks to determine the rights of a non-party." Motion at 3, 7.

Deer Creek interprets Count I as requesting a declaration that third parties may *provide* water to the Addition and argues that the controversy is not between Garrett and

Deer Creek but between Deer Creek and other unnamed third-party water service providers. Motion at 7, 8. Garrett, however, contends that the controversy at issue is whether Deer Creek is actually entitled to an exclusive designated service area encompassing the Addition, thereby prohibiting Garrett from *obtaining* water from a source other than Deer Creek. Response at 7; Complaint at ¶¶ 19, 20.

Deer Creek counters that 7 U.S.C. § 1926(b) "does not speak to someone's right to obtain water, but rather concerns a 'similar service within such area[.]'" Motion at 8. This argument overlooks the nature of Garrett's claim. Garrett challenges whether the land on which it plans to build the Addition is subject to a protected service area as claimed by Deer Creek. Count I of the Complaint clearly states the controversy is "whether 7 U.S.C. § 1926(b) grants Deer Creek a protected service area[1] in which Deer Creek has the right to require Garrett to *obtain* water service from Deer Creek and not from any alternative water source provider." Complaint at ¶19 (emphasis added). Garrett is seeking a declaration as to its own rights rather than the rights of a third party. Therefore, Garrett has a "cognizable stake in the outcome of this litigation." Motion at 8.

---

[1] In order "to receive the protection against competition provided by § 1926(b) a water association must (1) have a continuing indebtedness to the FmHA and (2) have provided or made available service to the disputed area." *Sequoyah Cty. Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192, 1197, 1203, 1205, and 1206 (10th Cir. 1999); *see also*, *TP Real Estate LLC v. Rural Water, Sewer & Solid Waste Mgmt. Dist. No. 1, Logan Cty., Oklahoma*, CIV-09-748-R, 2010 WL 11508774, at *1 (W.D. Okla. Apr. 19, 2010) (unpublished). Neither party addresses the full standard in their briefing.

Although Deer Creek does not address either the "actual or threatened injury" or redressability elements of the standing doctrine, the Court finds that Garrett has established both. *Acorn*, 835 F.2d at 738.

Garrett states that it must obtain a water service provider before it can seek re-zoning of its land and that: (1) Deer Creek initially declined due to a moratorium thereby leaving Garrett without a water provider for the Addition; (2) the City of Oklahoma City indicated it would provide water but for Deer Creek's claim of exclusivity; (3) when Deer Creek lifted the moratorium it offered to provide water under terms Garrett found punitive and unfeasible; and, (4) based on Deer Creek's continued claim of exclusivity, Garrett is prohibited from engaging third party water service providers. Complaint ¶ 8, 11, 12, 13, and 14. Deer Creek does not challenge these facts. Garrett thus sufficiently asserts it has suffered the injury of being unable to obtain a feasible water service provider due to Deer Creek's claim to exclusivity as to the Addition.

Based on Deer Creek's assertion of a protected service area, and the statement by the City of Oklahoma City in denying water service for the Addition on the basis of Deer Creek's assertion, it is foreseeable that a declaration in Garrett's favor stating that the Addition does not fall within a service area protected by 7 U.S.C. §1926(b), would redress Garrett's injury in allowing it to obtain a feasible alternative water service provider, even if only to obtain re-zoning.

The Court finds Count I presents an "actual controversy" in which "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance

of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

Deer Creek's Motion to Dismiss Count I of Garrett's Complaint for lack of standing is denied.

## II. Count II, and Ripeness.

"[R]ipeness is peculiarly a question of timing." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (quoting *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320 (1975)). The doctrine of ripeness is "intended 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Gonzales*, 387 U.S. at 148 (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967)). "In evaluating ripeness, the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated or indeed may not occur at all." *Walker v. Utah Wildlife Fed'n,* 450 F.3d 1082, 1098 (10th Cir.2006).

Deer Creek limits its ripeness argument to the contention that Garrett cannot yet secure any water service provider because its land is not properly zoned for the Addition plat, and if Garrett obtained the necessary re-zoning, it would then have to seek approval for the Addition plat itself before securing a water service provider. Motion at 9, 10. Deer Creek maintains that these are uncertain or contingent future events. Garrett counters that it cannot secure re-zoning without demonstrating water service is available to the Addition,

7

Deer Creek's claim of an exclusive service area prevents him from doing so, and, therefore, the controversy is ripe. Response at 2.[2]

Deer Creek's argument that Garrett cannot secure a water service provider prior to re-zoning and approval of the plat is belied by the fact that Deer Creek repeatedly admits it has offered to provide water service to the unapproved Addition under the desired but unattained zoning.[3] Motion at 3-4, 10; Reply at 6. Likewise, Garrett presents evidence that the City of Oklahoma City has stated its willingness to provide water service but for Deer Creek's claim of exclusivity. Response, Affidavit of William P. Garrett, Exhibit 1 [Doc. No. 12-1] at ¶ 14. Thus, it appears that obtaining a commitment by a water service provider is not an uncertain, contingent future event so as to make the instant dispute an abstract disagreement.

---

[2] Both parties discuss at length a related state court case in which Garrett challenged the Board of County Commissioners of Oklahoma's denial of re-zoning. According to the parties, that case ultimately resulted in the entry of summary judgment against Garrett. Response at 1-2; Reply 5-6. This discussion is unhelpful as the entry of summary judgment contained no reasoning for the state court's determination. However, the Court notes that the renewed motion for summary judgment upon which the final judgment was based argues exclusively that "the ***availability*** of water service (and sanitary sewer service) is a requirement for the rezoning [sic]" and that water service was not available at the time Garrett sought to challenge the Board of County Commissioners' denial of re-zoning. Intervenor Deer Creek Community Association, Inc.'s Renewed Motion for Summary Judgment and Brief in Support at 1, 6, *Garrett Development, LLC, v. The Board of County Commissioners of Oklahoma*, CJ-2014-1966, (August 18, 2016) (emphasis added). The motion explains that water was not available because Deer Creek is the exclusive water service provider and it had instituted a moratorium on applications at the time. *Id*.

[3] The Court makes no determination here as to whether Deer Creek's offer to provide water to the Addition is sufficiently adequate to satisfy the "provided or made service available" prong of the inquiry into whether Deer Creek is entitled to a protected service area as set forth in *Sequoyah*, 191 F.3d at 1197, 1203, 1205, and 1206.

For these reasons, the Court finds that the dispute Garrett asserts in the Complaint is ripe. Deer Creek's motion to dismiss Count II is denied.

## III. Prohibited Advisory Opinion

"[W]hat makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of *the defendant toward the plaintiff*." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (emphasis in original) (internal quotation marks omitted). "[W]here a plaintiff seeks a declaratory judgment against his opponent, he must assert a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint." *Jordan*, 654 F.3d at 1025 (citing *Rhodes v. Stewart,* 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam)).

As discussed above, the Court finds the crux of Garrett's request is a declaration as to whether Deer Creek is entitled to an exclusive water service area pursuant to 7 U.S.C. § 1926(b) including the Addition. Deer Creek asserts that its claim to exclusivity only affects third-party water providers in prohibiting them from supplying water and that this does not affect Garrett's right to obtain water. Motion at 8, 11. This argument is unpersuasive. A restriction prohibiting any other water provider from *supplying* water in the claimed protected service area inherently affects the ability of a property owner, such as Garrett, to *obtain* water from a water service provider other than Deer Creek. Moreover, in order to determine a water service provider's entitlement to a protected service area, the Court must consider the actions of the water service provider with regard to the property in question, for instance, whether it made service available to the disputed area. *Sequoyah*, 191 F.3d at

9

1197, 1206 and 1203 (stating that a water service provider is only entitled to protection from competition pursuant to 7 U.S.C. §1926(b) where it can establish that it made service available to the disputed customers); *TP Real Estate LLC*, 2010 WL 11508774 at *1, *4, *5, and *6 (holding that a water service provider was not entitled to a protected service area pursuant to 7 U.S.C. § 1926(b) with regard to a proposed development after determining that its offer to provide service did not sufficiently "make service available" to the plaintiff property owners).

Whether Deer Creek is entitled to an exclusive service area pursuant to 7 U.S.C. § 1926(b) as to the Addition will in part turn upon whether Deer Creek's offer of service sufficiently made water service available to the Plaintiff. A declaration in Garrett's favor will affect Deer Creek's behavior by preventing Deer Creek from claiming a non-existent exclusive service area as to the Addition, allowing Garret to obtain water service from a provider other than Deer Creek. *See TP Real Estate LLC*, 2010 WL 11508774, at *1, *5, *6 (stating that a judgment would issue declaring that the water service provider had "not made service available to the [d]isputed [a]rea and is not entitled to protection under 7 U.S.C. § 1926(b) as to the [d]isputed [a]rea").

For these reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. No. 10] is **DENIED**, as set forth herein.

**IT IS SO ORDERED** this 8th day of February 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE