**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GARRETT DEVELOPMENT, LLC, an | ) | |
| Oklahoma limited liability corporation, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-298-D |
| | ) | |
| DEER CREEK WATER CORP., | ) | |
| an Oklahoma not-for-profit corporation, | ) | |
| | ) | |
| *Defendant*. | ) | |

**O R D E R**

The City of Oklahoma City, and Oklahoma City Water Utilities Trust (collectively the "City"), move the Court to consolidate this case and a case currently pending before Judge Scott L. Palk, *Deer Creek Water Corp., v. City of Okla. City et al.*, CIV-19-1116-SLP (hereinafter the "Boling Suit") [Doc. No. 40].  The City is not a party to this lawsuit but is a named defendant in the Boling Suit. Defendant Deer Creek Water Corporation objects to the requested relief [Doc. No. 44].

**BACKGROUND**

Plaintiff Garrett Development, LLC, ("Garrett") owns land comprising the NW/4 of Section 19-T14N-R3W, Oklahoma County. Garrett is in the process of developing a residential housing addition known as the Covell Creek Addition ("Addition") on this land.

In order to obtain re-zoning and final approval of the plat for the Addition and sell

individual residential lots, Garrett contends it must first obtain a water source for the Addition. Defendant Deer Creek Water Corporation ("Deer Creek") claims that it has an exclusive right to provide water to a service area including the Addition pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1926(b).

In Count I of its Complaint, Garrett seeks a declaration that Deer Creek "does not have a service area protected by 7 U.S.C. § 1926(b)." Complaint at ¶ 4. In the alternative, Count II requests a declaration "that Deer Creek has failed and refused to make water service available to Garrett such that Garrett is free to obtain water service from a water service provider other than Deer Creek." Complaint at ¶ 23. The Complaint in the above-captioned case was filed on April 2, 2018.

The Complaint in the Boling Suit was filed on November 27, 2019.  In the Boling Suit, Deer Creek sued the City alleging violations of 7 U.S.C. § 1926(b). Thomas and Gina Boling own 3301 NW 192nd Street and recently demolished an existing residential home, proposing to build a commercial office park.  Complaint, CIV-19-1116-SLP, [Doc. No. 1] at 4. Deer Creek alleges two counts in the Boling Suit complaint.  First that the City has manifested its intent to limit and encroach on Deer Creek's protected service area, in violation of 7 U.S.C. § 1926(b). Next, in Count II, Deer Creek seeks a temporary restraining order, preliminary, and permanent injunctive relief enjoining the City "from taking any further action to supply water or attempt to supply water to the Development area or any other area or areas included in Deer Creek's protected service area." *Id*. at 7.

In January 2020, the City filed a notice of a related case, to which Deer Creek objected. *See* Notice, CIV-19-1116-SLP, [Doc. No. 27]; Objections, CIV-19-1116-SLP,

[Doc. No. 29].  The cases were deemed to not be related under General Order 11–1 (Oct. 11, 2011) and proceeded separately thereafter.

## STANDARD OF DECISION

Rule 42(a)(2) vests in the district court discretionary authority to consolidate actions that involve a common question of law or fact. *See Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950) (recognizing "broad discretion vested in the trial court in ordering consolidation of cases").  Once the district court determines there is a common question of law or fact, the Court weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *Ulibarri v. Novartis Pharm. Corp.,* 303 F.R.D. 402, 404 (D.N.M. 2014).

## DISCUSSION

Defendant contends the City has failed to meet its burden to justify consolidation. Defendant states that the cases concern two entirely different owners and two different parcels of land.  Although both cases involve the same federal statute—7 U.S.C. § 1926(b)—and both involve Deer Creek's right under the law, the facts and inquires in each case are different and unrelated.  Response at 2.  The City asserts that discovery requests in both cases will be duplicative, and—for discovery purposes only—the cases should be consolidated.

Defendant is correct that the two cases involve different properties, and that the property owners do not share the same characteristics.  Garrett is a limited liability company with a business concern.  The Boling family is comprised of land-owning

individuals.  The City's argument relies on an important commonality between both suits.  At issue in both cases is whether 7 U.S.C. § 1926(b) protects Deer Creek's rights as an alleged rural water association.  But consolidating the cases for discovery purposes, as the City requests, would not abate the risk of separate actions producing conflicting results on this point.  Nevertheless, the Court recognizes the commonality and its underlying importance.

Despite common issues, there are significant differences that militate against consolidation.  The operative facts underlying the causes of action—though related to a degree—are not identical.  *Servants of Paraclete, Inc. v. Great Am. Ins. Co*., 866 F. Supp. 1560, 1572 (D.N.M. 1994) (despite commonalities, consolidating cases that "involve several separate fact issues, parties, and legal questions. . . would not significantly conserve the Court's resources").  For example, the inquiries in both cases depend, in part, on whether the parcel of land at issue falls within Deer Creek's alleged protected service area.  Further, Garrett makes allegations in the alternative, which assume Deer Creek has a protected service area, and these depend on facts completely irrelevant to the Boling Suit.  *See* Complaint [Doc. No. 1] at 7.

The nature of the relief sought in the actions in question, though certainly similar, is not necessarily interdependent.  For example, should the Court find that Deer Creek is protected under the law, such a finding would not be dispositive in both cases.  Inquiries related to the specific parcels of land would follow, as would inquiries related to Deer Creek's interaction and relationship with Garrett and the Bolings.  Deer Creek, as Plaintiff in the Boling Suit, is entitled to be the master of its own lawsuit, and it asserts

4

consolidation would cause confusion and prejudice. *See Anderson Living Tr. v. WPX Energy Prod., LLC*, 297 F.R.D. 622, 623 (D.N.M. 2014) (noting that in asking for consolidation, "[d]efendants carry the burden of proof in seeking to upturn the default rules that the [p]laintiffs are masters of their complaint"); *see also Amer. Employers' Ins. Co. v. King Res. Co.,* 545 F.2d 1265, 1269 (10th Cir. 1976) (explaining the different factors that district courts may consider in deciding a motion to consolidate, to include the nature of the relief sought).

Recent discovery requests made in both cases reveal some overlap. Specifically, the City anticipates an overlap in witnesses. Nevertheless, because the property location, service needs, and the proposed developments differ in each case, consolidation of discovery might risk confusion. For example, deposing witnesses about the different properties under separate ownership in the same deposition might present confusion for the record. *See Pina-Belmarez v. Bd. of Cty. Comm'nrs of Weld Cty. Colo.*, No. 11-CV-03179-REB-MJW, 2012 WL 13013230, at *1 (D. Colo. May 1, 2012) ("The mere fact that consolidation might prove convenient for a [party] . . . provides no reasoned or dispositive justification for consolidation."). Moreover, discovery going to the Garrett's alternative claim would have no application to the Boling Suit.

The Court therefore finds that, despite the existence of related questions, the interest of judicial convenience in consolidating the cases does not outweigh the delay, confusion, and prejudice that consolidation may cause.

**IT IS THEREFORE ORDERED** that the City's Motion to Consolidate [Doc. No. 40] is **DENIED.**

5

**IT IS SO ORDERED** this 15th day of May, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge