## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARRETT DEVELOPMENT, L.L.C., an Oklahoma limited liability company, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. CIV-18-298-D |
| DEER CREEK WATER CORPORATION, an Oklahoma not for profit corporation, | ) ) ) ) | |
| *Defendant.* | ) ) | |

# O R D E R

Before the Court is Defendant Deer Creek Water Corporation's Motion in Limine [Doc. No. 81], to which Plaintiff responded [Doc. No. 89]. Defendant filed a reply [Doc. No. 91]. The matter is fully briefed and at issue.

## BACKGROUND

This case is about providing water to a proposed residential development. Garrett owns land described as the NW/4 of Section 19-T14N-R3W, Oklahoma County, Oklahoma. Garrett plans to develop a residential housing addition called the Covell Creek Addition ("Addition") on this property. Garrett must secure a water source for the Addition to obtain final approval and rezone the plat to sell individual residential lots.

In 2015, Garrett submitted an application for water service to Deer Creek, and Deer Creek responded with its terms and conditions. In 2018, Garrett submitted a renewed application for service, and Deer Creek again provided nearly identical terms and

conditions. Subsequently, Garrett sought to obtain service from a different provider. Deer Creek claims that it has an exclusive right to provide water to the Addition under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1926(b).

Garrett filed this lawsuit seeking a declaration that Deer Creek "does not have a service area protected by 7 U.S.C. § 1926(b) and that obtaining water service for the Addition from another water service provider does not violate 7 U.S.C. § 1926(b)." Compl. ¶ 4. Further, Garrett seeks a declaration "that Deer Creek has failed and refused to make water service available to Garrett such that Garrett is free to obtain water service from a water service provider other than Deer Creek" and that doing so does not violate 7 U.S.C. § 1926(b). Compl. ¶ 23. The Court narrowed the issues on summary judgment. The remaining issue is whether Deer Creek's costs are unreasonable, excessive, and confiscatory so as to make service unavailable. Defendant filed the instant Motion seeking an order excluding:

> Plaintiff, its witnesses and its counsel from offering or attempting to offer into evidence, in any manner, inquiring about, directly or indirectly referring to or mentioning, or commenting upon in any way throughout the course of the trial, including, but not limited to, opening and closing statements, questioning of witnesses, presentation of evidence, and demonstrative exhibits, evidence relating to the following:

> (1) Expert testimony and Report of Timothy Johnson comparing Deer Creek's terms of service to other water providers;
> (2) Oklahoma City as a potential water provider;
> (3) Oklahoma City's terms and cost of service;
> (4) Comparing Deer Creek and Oklahoma City's terms and cost of service.

Mot. [Doc. No. 81 at 8].

**STANDARD**

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' . . . and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").[1]

---

[1] To this end, some courts have held that "[i]n a bench trial, [motions in limine] are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Cramer v. Sabine Transp. Co.*, 141 F.Supp.2d 727, 733 (S.D. Tex. 2001). Nevertheless, motions in limine can be a useful tool in streamlining the case and providing "a valuable aid to the Court when deciding the competence of the evidence

Some in limine rulings, such as relevance, are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, "[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

## DISCUSSION

Based on the foregoing standard, the Court finds as follows:

### I.      Timothy Johnson

Defendant first moves to exclude evidence from Plaintiff's expert witness, Mr. Timothy Johnson, who opines that Defendant's proposed costs are unreasonable, excessive, and confiscatory. Defendant seeks to exclude Mr. Johnson's report and testimony, which compares Defendant's terms of service to other water providers. The Court previously denied Defendant's *Daubert* motion with respect to such opinions [Doc. No. 91], and that order is incorporated here as it relates to Defendant's current objections.

### II.      Oklahoma City

Defendant seeks to exclude evidence of (1) Oklahoma City as a potential water

---

presented." *Americans United for Separation of Church and State v. Prison Fellowship Ministries*, 395 F. Supp. 2d 805, 807 (S.D. Iowa 2005).

provider; (2) Oklahoma City's terms and cost of service; and (3) a comparison of Deer Creek and Oklahoma City's terms and cost of service.

### a. Oklahoma City as a Potential Provider

Defendant asserts that evidence of whether Oklahoma City will serve the Addition is "speculative and inadmissible." Mot. [Doc. No. 81 at 5]. Defendant contends there is no evidence that Oklahoma City will actually serve the Addition without a release and annexation. *Id.* Defendant also asserts that Oklahoma City has not calculated any costs of the improvements needed to serve the Addition. *Id.* Plaintiff responds that Defendant fails to show how the possibility for Oklahoma City to serve the Addition is prejudicial or cannot be better evaluated at trial. Pl.'s Resp. Br. [Doc. No. 89] at 6. Plaintiff asserts that Oklahoma City's terms, costs, and ability to serve the development are directly relevant under the all of the circumstances. *Id.* at 7.

Evidence is relevant if "it has any tendency to make a [material] fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Bearing in mind Rule 401's liberal standard, the Court finds that the evidence of whether Oklahoma City will serve the Addition is relevant to the inquiry at hand. *See United States v. Ballou*, 59 F. Supp. 3d 1038, 1048 (D.N.M. 2014) ("The standard for relevance is liberal.") (*citing United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006)). Defendant has not met its burden in establishing that it will be unfairly prejudiced by the evidence. Further, Defendant has not met its burden in establishing that the evidence is inadmissible. *See Tulsa Zoo Mgmt., Inc. v. Peckham Guyton Albers & Viets, Inc.*, Case No. 17-CV-644-GKF-FHM, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) ("A court will generally not

5

grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds.") (emphasis in original) (internal quotation marks and citation omitted).

### b. Oklahoma City's Terms and Costs[2]

Defendant contends that Oklahoma City's rates are irrelevant, as "[t]he entire point of § 1926(b) is to avoid making a comparison between a relatively large provider of water services . . . and the relatively tiny rural water association . . . who provide water services primarily to rural customers." Mot. [Doc. No. 81 at 6]. Defendant posits that the question is whether Deer Creek is employing exorbitantly high prices that are prohibitive; as such, any argument related to Oklahoma City's costs is "improper, not relevant, and therefore inadmissible." *Id.* at 8. Plaintiff, in response, states that "at least two cases have discussed and compared the terms and costs of services provided by a municipality in competition with the water district." *Id.* Plaintiff asserts that, under the totality of the circumstances, other costs are relevant and proper under the *Ellsworth* factors. *Id.* at 8; *see Rural Water Dist. No. 1, Ellsworth Cnty., Kan. v. City of Wilson, Kan.*, 243 F.3d 1263, 1271 (10th Cir. 2001).

The Court agrees with Plaintiff. Evidence of Oklahoma City's terms and costs is relevant to determine whether Deer Creek's costs are unreasonable, excessive, and confiscatory. Although prices need not be competitive, neither must the Court ignore the prices of other water districts in determining whether Defendant's costs are exorbitantly

---

[2] Plaintiff's expert compares Deer Creek's prices to seven water providers, but Defendant seeks to exclude only the costs and terms of service of Oklahoma City.

high or prohibitive.

Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues . . . undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds Defendant has failed to meet its burden of showing that such evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other dangers listed in Rule 403. Defendant does not allege any unfair prejudice from the admission of such evidence. Moreover, the risk of confusion or prejudice resulting from this evidence is slight as this is a bench trial, and the Court can accord whatever weight to such evidence it deems appropriate. As such, the instant Motion is denied as to Oklahoma City's costs and terms of service.[3]

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 15th day of June, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Defendant also contends that a comparison of Deer Creek and Oklahoma City's terms and costs of service should be excluded from evidence as inadmissible. Mot. [Doc. No. 81 at 1, 8]. The analysis from this subsection also applies to a comparison of costs.